IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACOBIE L. THOMAS,

                    Petitioner,

v.

LOUIS WILLIAMS, II,

                    Respondent.

OPINION & ORDER

17-cv-468-jdp

---

Federal prisoner Jacobie Thomas has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He challenges a "career offender" sentencing enhancement he received under § 4B1.1 of the United States Sentencing Guidelines, which applies under certain circumstances when a defendant has two prior felony convictions for a "crime of violence" or a "controlled substance offense." Thomas contends that his prior conviction for residential burglary in Illinois under 720 ILCS 5/19–3 does not qualify as a "crime of violence" under *United States v. Mathis*, 136 S. Ct. 2243 (2016), so he does not qualify as a career offender.

The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (This rule also may be applied to habeas petitions not brought under § 2254, such as this petition pursuant to § 2241. Rule 1(b), Rules Governing § 2254 Cases). Under Rule 4, I must dismiss the petition if it plainly appears from the petition that petitioner is not entitled to relief; otherwise, I will order respondent to file an answer. *See also* 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

I will dismiss Thomas's petition for two reasons, one procedural and one substantive. First, under *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013), "an error in calculating

a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit"). Thomas was sentenced in 2010, several years after the Supreme Court held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005), so *Hawkins* bars his claim.

Second, even if Thomas could bring a § 2241 petition to challenge an enhancement under the sentencing guidelines, his claim would fail on the merits. In *Smith v. United States*, 877 F.3d 720 (7th Cir. 2017), the court held that a violation of 720 ILCS 5/19-3 qualifies as a violent felony for the purpose of a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e).[1] Because a "violent felony" under the ACCA and a "crime of violence" under the sentencing guidelines have the same definition, *Prevatte v. Merlak,* 865 F.3d 894, 900 (7th Cir. 2017), the holding in *Smith* applies to Thomas's claim as well.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. But "federal prisoners proceeding under § 2241 need not obtain a certificate of appealability," *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 n.3 (7th Cir. 2015), so I do not need to decide whether Thomas is entitled to a certificate.

---

[1] *Smith* applies to individuals convicted under post-1982 versions of the Illinois statute. Thomas does not say in his petition when he was convicted of burglary, but the decision denying his motion under 28 U.S.C. § 2255 shows that he was charged with burglary in 2000. *Thomas v. United States*, No. 16-2056, 2016 WL 4596342, at *1 n.1 (C.D. Ill. Sept. 2, 2016).

ORDER

IT IS ORDERED that petitioner Jacobie Thomas's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED.

Entered January 11, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge